# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | 1:13-cr-280-WSD-3 |
| HECTOR RAMON DEJESUS, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Hector Ramon DeJesus' ("Defendant") Renewed Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Amendment 794) [256] ("Motion" or "Renewed Motion for Sentence Reduction").

## I. INTRODUCTION

On December 11, 2014, Defendant was sentenced to seventy (70) months incarceration, with five (5) years of supervised release, after pleading guilty to one count of Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 846. ([213]; [217]). Defendant did not appeal his sentence or conviction.

On September 10, 2016, Defendant filed his First Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Amendment 794) [243] ("First

Motion for Sentence Reduction"). Defendant requested that his sentence be reduced pursuant to Amendment 794 of the United States Sentencing Guidelines, which amended commentary to Section 3B1.2 of the Guidelines regarding interpreting the mitigating role adjustment. On October 17, 2016, the Court issued its Order [250] denying Defendant's First Motion for Sentence Reduction. The Court found as follows:

> Defendant was sentenced on December 11, 2014. ([213]). Roughly eleven (11) months later, Amendment 794 became effective on November 15, 2015. The Sentencing Commission did not make this Amendment retroactive to sentences imposed prior to its effective date. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1). The Court further finds that the facts here do not support a mitigating role reduction considering Defendant's organizational and decision-making input and role in this enterprise. Accordingly, Defendant is not entitled to a sentence reduction pursuant to Amendment 794, and he is not entitled to be resentenced.

([250.1]).

On August 14, 2017, Defendant filed his Renewed Motion for Sentence Reduction. Defendant again argues that he is eligible for a sentence reduction under Amendment 794 to the Guidelines. Defendant states that circuit authority allows the Court to resentence Defendant under Amendment 794, even though the Sentencing Commission did not make Amendment 794 retroactive to sentences imposed prior to its effective date.

## II. DISCUSSION

The Court has jurisdiction to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582 ("Section 3582"). United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 provides that a reduction to a term of imprisonment is authorized under Section 3582(c)(2) only if the amendment lowering the Guidelines range is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10; see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

Amendment 794 to the Guidelines is not listed as a retroactive amendment under U.S.S.G. § 1B1.10(d) and, thus, "a reduction [under Amendment 794] would be against the guidelines policy statement on guidelines-amendment reductions." Williams v. United States, 2017 WL 2543327, at *1 (N.D. Ga. May 17, 2017); see United States v. Garcia, No. CR-98-2073-FVS, 2016 WL 4521690, at *2 (E.D. Wash. Aug. 29, 2016); see also United States v. Welch, No. 16-7670, 2017 WL

1241970, at *1 (4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and this list does not include Amendment 794."). Defendant was sentenced roughly eleven (11) months prior to the effective date of Amendment 794. None of the cases to which Defendant cites in his Motion allow the Court to reduce a defendant's sentence under a Sentencing Guidelines amendment that was not made retroactive by the Sentencing Commission. Defendant's Renewed Motion for Sentence Reduction is denied.

Even if Amendment 794 were allowed to be applied retroactively, it would not affect Defendant's custodial sentence. Defendant entered into a plea agreement with the Government that provided "the parties agree that the Defendant is not eligible for a downward adjustment for mitigating role pursuant to Section 3B1.2 of the Sentencing Guidelines and therefore agree to jointly recommend that he not receive such a downward adjustment." (Plea Agreement [167.1] ¶ 15). Amendment 794 provides guidance regarding the mitigating role adjustment. Defendant, however, agreed in his Plea Agreement that he was not eligible for an adjustment for mitigating role. Defendant's Renewed Motion for Sentence Reduction is denied for this additional reason.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Hector Ramon DeJesus' Renewed Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Amendment 794) [256] is **DENIED**.

**SO ORDERED** this 7th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE